NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1066

DERRICK BARR, ET AL.

VERSUS

STATE FARM INSURANCE CO., ET AL.

**********

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 4-0496
HONORABLE JESSE PHILLIP TERRELL JR., CITY COURT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED AS AMENDED.

James Berry Reichman
Reichman Law Firm
P. O. Box 210
Alexandria, LA 71309-0210
(318) 442-3251
Counsel for Defendants-Appellants:
  State Farm Insurance Co.
  Amanda Austin
  Gaynell Boyd

Byron O'Neal
O'Neal Law Firm
630 Lee Street
Alexandria, LA 71301
(318) 487-8787
Counsel for Plaintiffs-Appellees:
  Derrick Barr
  Ericka Barr

**Pickett, Judge.**

The defendant-appellant, State Farm Insurance Company (State Farm), appeals a judgment of the trial court finding its insured, Amanda Austin, 100% at fault in an automobile accident and awarding damages to the plaintiffs, Derrick and Ericka Barr.

## STATEMENT OF THE CASE

On March 7, 2004, Derrick Barr was backing his vehicle out of a parking spot at the Wal-Mart in Pineville, Louisiana, when a car driven by Amanda Austin backed into the driver's side door of his vehicle. Mr. Barr claims that as a result of the accident he suffered an injury to his back which manifested itself when he returned to his home that day. He did not seek medical attention for his back until May 10, 2004. On September 1, 2004, Mr. Barr and his wife filed suit against Ms. Austin, Gaynell Boyd, the owner of the vehicle driven by Ms. Austin, and State Farm, who issued an insurance policy on the vehicle, in Pineville City Court.

Trial in this matter was held on January 19, 2006. The trial court took evidence and took the matter under advisement. On April 13, 2006, the trial court issued Written Reasons. The trial court found Ms. Austin 100% liable for the accident and awarded $20,000 for general damages to Mr. Barr. The trial court also awarded $1,500.00 to Mrs. Barr for loss of consortium and cast the defendants with court costs. The trial court amended its written reasons on April 28, 2006, to award special medical damages to Mr. Barr of $2,687.96. A judgment in conformity with the trial court's reasons was signed on June 2, 2006. It is from this judgment that State Farm now appeals.

1

## ASSIGNMENTS OF ERROR

The defendant-appellant State Farm asserts three assignments of error:

1.  The court committed manifest error in its determination of causation of plaintiff's injuries based on plaintiff's and his treating physician's testimony; documents and objective evidence so contradicted plaintiff's story which is, itself, so internally inconsistent and implausible on its face, that a reasonable fact finder would not credit it.

2.  The court committed manifest error in its apportionment of overcharged medical expenses to defendant.

3.  The court committed manifest error in its apportionment of comparative fault.

## DISCUSSION

The supreme court discussed the standard of review applicable in a case such as this one in *Touchard v. Slemco Elec. Foundation*, 99-3577, p. 5 (La. 10/17/00), 769 So.2d 1200, 1204:

> It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is clearly wrong. *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1978). When there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Lirette v. State Farm Ins. Co.*, 563 So.2d 850, 852 (La.1990); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989); *Canter v. Koehring Co.*, 283 So.2d 716, 724 (La.1973). Therefore, the issue for the reviewing court is not whether the trier of fact was wrong, but whether the fact-finder's conclusions were reasonable under the evidence presented. *Rosell*, 549 So.2d at 844-45. When a factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. *Id.*

In its first assignment of error, State Farm argues that the injuries to Mr. Barr's back were not caused by the collision between him and Ms. Austin. To support this argument, they point out that (1) he did not seek medical attention for more than two months after the accident, (2) he failed to mention the accident or the back pain

2

caused by the accident to hospital personnel at any of four visits to the hospital between the date of the accident and the date that he first saw Dr. Stella Gwandiku, and (3) he was allegedly able to perform back flips at some point after the accident and before he saw Dr. Gwandiku.

Both Mr. and Mrs. Barr testified that the pain was so severe on the day of the accident that Mr. Barr laid on the floor of his home crying when he returned from Wal-Mart. Mr. Barr claimed that he failed to seek immediate medical attention for his back injury because he had pain medication for a preexisting condition that he took to relieve his pain. Also, Mr. Barr and his wife stated that they could not afford to get medical attention. State Farm points out that Mr. Barr had sought medical attention at the hospital several times since 2001, including four times between the March 7, 2004 accident and his visit to Dr. Gwandiku on May 10, 2004.

Mr. Barr explained that he failed to mention the back pain at the hospital visits because he was there because of knee pain. In fact, he tore the anterior cruciate ligament (ACL) of his left knee at some point doing back flips. State Farm alleges that he tore his ACL on March 18, 2004, the day he first went to Rapides Regional Medical Center complaining of acute knee pain. Mr. Barr admits that he hurt his knee doing back flips, but claims he did so before the March 7, 2004 accident, and that he went to the hospital for this injury for the first time on March 18, 2004. State Farm alleges that the medical records of Rapides Regional Medical Center show that he injured the knee on March 18. The records of the March 18, 2004 visit state, "Did a back flip. Felt sharp pain on both sides of knee." They also state that the pain started "30-40 minutes ago." The records of the April 27, 2004 visit state, "over one month ago after reinjuring his knee was seen here March 18th and MRI 3/26/04 shows ACL

3

tear and medial meniscus tear." They also state that the onset of the present illness is March 18th. State Farm argues that these inconsistencies show that Mr. Barr is not a credible witness.

Further, Mr. Barr was involved in a second accident on March 30, 2004, in which he claims to have injured his knee and neck. The trial court chose to believe the testimony of Mr. Barr about the timing of the back flip. The trial court's conclusion is supported by evidence in the record and required a credibility determination by the trial court. This part of the judgment is affirmed.

Likewise, the third assignment of error lacks merit. Mr. Barr was backing his vehicle up and testified that he was about to begin pulling forward when the rear bumper of Ms. Austin's vehicle hit the driver's side door of his vehicle. Mr. Barr stated that he saw Ms. Austin's vehicle moving toward him before it hit his vehicle, but he did not have time to move out of the way. Ms. Austin admitted in her testimony that she looked in her rearview mirror and did not see Mr. Barr's vehicle because he was in her blind spot. The evidence supports the trial court's finding.

The second assignment of error is more complicated, and the second accident in which Mr. Barr was involved plays prominently. When Mr. Barr was referred to Dr. Gwandiku by his attorney, Dr. Gwandiku began keeping two separate charts for Mr. Barr. In one chart she recorded information about the back pain related to the March 7, 2004 accident, and in the second chart she recorded information about the neck and knee pain related to the March 30, 2004 accident. Two separate invoices from Rapha Physical Medicine Clinic were introduced. The first, for chart number BARDE00, which includes a case description notation of "Mva 3/7/2004," lists treatments from May 10, 2004 through August 9, 2004, with a total balance of

4

$2,370.00. The second, for chart number BARDE001, lists many of the same treatments for the same dates, but the total amount is $2,450.00. Dr. Gwandkiu explained that the clinic bills by the procedure in seven minute increments. She stated that Mr. Barr's appointments were usually scheduled on the same day for his convenience, but each injury, i.e., the back pain or the knee and neck pain, was treated as a separate treatment. Thus, while the bills may be duplicative, they are for different treatments. The trial court found that even if the bills are for the same treatments, Mr. Barr was not in bad faith and is entitled to recover the full amount. As for the pharmacy bills, State Farm claims the same bill was introduced in both proceedings, and the trial court erred in allowing full recovery of $317.96.

State Farm argues that this claim should be evaluated by applying comparative fault to Dr. Gwandiku for overcharging Mr. Barr or requiring unnecessary treatments. This is incorrect. If State Farm believed the medical payments were excessive, it was their burden to introduce evidence to that effect. Dr. Gwandiku's explanation of her clinic's billing practices would support the charges included on the two statements. Essentially, Dr. Gwandiku's explanation would lead to the conclusion that Mr. Barr received services from Rapha Physical Medicine Clinic in the amount of $4,820.00, of which $2,370.00 is attributable to the treatments for back pain suffered as a result of the accident with Ms. Austin. If State Farm believed that amount to be excessive, it should have introduced evidence which explained which charges were excessive. As for the pharmacy bill, it was manifest error to award the entire amount, since clearly some of the medication was attributable to the second accident. We, therefore, reduce the award by one-half, or $158.98.

5

## CONCLUSION

The judgment of the trial court is amended to lower the award for the pharmacy bill from $317.96 to $158.98. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are taxed evenly to both parties.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.